UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/2021

CAZE D. THOMAS,

                 Plaintiff,

        -against-

SHAWN CARTER; ROBERT WILLIAM,

                 Defendants.

21-CV-8682 (AT)

ORDER OF DISMISSAL

ANALISA TORRES, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), possibly by infringing on Plaintiff's allegedly copyrighted material. The Court dismisses the complaint as frivolous, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also "'has the power to dismiss a complaint *sua sponte* for failure to state a claim,' . . . so long as the plaintiff is given notice and 'an opportunity to be heard.'" *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (quoting *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980) and *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir.1991) (*per curiam*)).

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

This action arises out of events allegedly involving Defendants Shawn Carter (aka Jay-Z) and Robert William (aka Meek Mill).  Plaintiff appears to allege that Defendants infringed on his copyrighted material, which may be a photograph of a baby's head superimposed on a photograph of a "boom box." (*See* ECF 1, at 10.) He provides a list of numbers, which he asserts correspond with his registered work, but he does not describe that work.

Plaintiff invokes this Court's federal question jurisdiction, claiming that Defendants violated the RICO statute and committed "cyber crimes[,] money laundering[,] [and] "egregiou[s] copyright infringmen[t]." (*Id.* at 2.)  Although he claims his damages are "beyond repair," he seeks "[t]he maximum of everything possible including all works, right[s], control, and all that I am rightful[ly] entitled to." (*Id.* at 6.)

## DISCUSSION

### A.     RICO Claims

Plaintiff asserts claims under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages . . . ." 18 U.S.C. § 1964(c). In order to state a claim under the civil RICO enforcement provision, a plaintiff must allege facts suggesting: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). Such a person must also "allege that he was 'injured in his business or property by reason of a violation of section 1962.'" *Id.* (quoting § 1964(c) (italics in original)).

To state a claim of a civil RICO conspiracy under § 1962(d), a plaintiff must allege facts suggesting that the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). A plaintiff must also assert that "if the agreed upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* at 244-45.

Plaintiff fails to provide any facts that would support any claim under civil RICO – either a claim of civil enforcement or one of conspiracy. The assertion that Defendants Carter and

William conspired to violate Plaintiff's rights is "wholly incredible." *Denton*, 504 U.S. at 32-33. The Court therefore dismisses Plaintiff's claims under the civil RICO statute as frivolous.

## B.     Copyright Infringement

Because Plaintiff appears to allege that Defendants infringed on his copyrighted material, the Court construes the complaint as asserting a copyright infringement claim under the federal Copyright Act, 17 U.S.C. § 501.

To state a copyright infringement claim, a plaintiff must allege facts suggesting the "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.,* 499 U.S. 340, 361 (1991); *see also Matthew Bender & Co. v. W. Pub. Co.,* 158 F.3d 674, 679 (2d Cir. 1998). Section 411(a) of the Copyright Act provides that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."[1] 17 U.S.C. § 411(a). Thus, unless certain exceptions apply, copyright registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010); *see also Newton v. Penguin/Berkley Publ'g USA*, No. 13-CV-1283, 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) ("The Supreme Court has held that this provision imposes a 'precondition' to filing a claim for copyright infringement."); *Muench Photography, Inc. v.*

---

[1] Although registration with the United States Copyright Office is not required to obtain copyright protection, *see* 17 U.S.C. § 408(a) ("registration is not a condition of copyright protection"), registration *is* a precondition for bringing an infringement action in federal court, *see id.* § 411(a) ("[N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (holding that the Copyright Act's registration requirement is a precondition to filing a copyright infringement claim rather than a restriction on the federal court's subject-matter jurisdiction).

*Houghton Mifflin Harcourt Publ'g Co.*, No. 09-CV-2669, 2012 WL 1021535, at *2 (S.D.N.Y.

Mar. 26, 2012) (noting that § 411(a) imposes a "necessary precondition" to a copyright action);

*Home & Nature, Inc. v. Sherman Specialty Co., Inc.*, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004)

(noting that alleging copyright registration is pleading requirement).

Plaintiff's complaint does not suggest that he registered his original works with the U.S.

Copyright Office or that Defendants copied any of Plaintiff's material, whether registered or not.

As for Defendants' copying any of Plaintiff's material, the Court finds that this claim is

frivolous, as the suggestion that either defendant copied Plaintiff's material – which Plaintiff

never expressly describes – is "wholly incredible." *Denton*, 504 U.S. at 32-33.  The Court

therefore dismisses this claim as frivolous as well.

## C.    Leave to Replead Copyright Infringement Claim

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Although the Court finds that it is

highly unlikely that Plaintiff can allege additional facts to state a valid copyright infringement

claim, in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his

complaint to detail a copyright infringement claim.

### CONCLUSION

Plaintiff's complaint is dismissed as frivolous, with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: November 9, 2021
       New York, New York

ANALISA TORRES
United States District Judge

6