UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAZE D. THOMAS,

                            Plaintiff,

            -against-

SHAWN CARTER, ROBERT WILLIAMS,
GABRIELLE WILSON, and A.K.A. YOUNG
THUG,

                            Defendants.

```
┌──────────────────────────────────────┐
│ USDC SDNY                              │
│ DOCUMENT                               │
│ ELECTRONICALLY FILED                   │
│ DOC #: _____                  │
│ DATE FILED:  1/25/2022   ____          │
└──────────────────────────────────────┘
```

21 Civ. 8682 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Caze D. Thomas, brings this action alleging that Defendants Shawn

Carter, Robert Williams, Gabrielle Wilson, and "Young Thug"[1] infringed on his copyrighted

music. *See* Amend. Compl., ECF No. 5.  In his original complaint, Plaintiff brought claims

against only Shawn Carter and Robert Williams and alleged that they violated the Racketeer

Influenced and Corrupt Organizations Act ("RICO") in addition to infringing on his allegedly

copyrighted material.  *See* ECF No. 1.  On November 9, 2021, the Court dismissed the complaint

*sua sponte* as frivolous, and gave Plaintiff 30 days to replead his claims for copyright

infringement.  ECF No. 3.  On December 8, 2021, Plaintiff requested an extension of time to file

his amended complaint, ECF No. 4, but, on December 9, 2021, Plaintiff filed his amended

complaint, mooting that request, *see* Amend. Compl.  On December 10, 2021, Plaintiff filed a

series of documents that he wished to attach to his amended complaint, which included pictures

and multiple forms indicating that he had applied to register copyrights in various songs and

other works.  Attachments, ECF No. 6.  For the reasons stated below, Plaintiff's claims are

DISMISSED with prejudice.

---

[1] Plaintiff asks the Court to correct the caption to reflect that "Young Thug's" legal name is Jeffrey Lamar Williams.
Because Plaintiff's claims are dismissed, this request is DENIED as moot.  But, the Court will refer to "Young
Thug" using his legal name for the purposes of this order.

**BACKGROUND**

This action arises out of events allegedly involving Defendants Shawn Carter (a.k.a. "Jay-Z"), Robert Williams (a.k.a. "Meek Mill"), Gabrielle Wilson (a.k.a. "H.E.R."), and Jeffery Lamar Williams (a.k.a. "Young Thug"). All Defendants are well-known rap or R&B performers. To the best of the Court's understanding, Plaintiff alleges the following facts in support of his copyright infringement claims.

At some point, Plaintiff began creating music. Amend. Compl. at 15.[2] In 2020, Plaintiff reached out to a few artists to collaborate with them on his music and asked for their opinions on "music beats" he intended to present to Carter. *Id*. at 15–16. These artists included Beyonce Knowles-Carter (a.k.a. "Beyonce"), the actor and musician Will Smith, and Timothy Zachery Mosley (a.k.a. "Timbaland"). *Id*. Both Knowles-Carter and Smith are allegedly affiliated with Roc Nation, an entertainment agency owned by Carter, *id*. at 23, and Knowles-Carter is married to Carter, *see id*. at 13. It is not clear from the amended complaint if Plaintiff sent one beat or multiple beats to Knowles-Carter and Smith. *See id*. at 15–16, 23. No one replied to Plaintiff's messages. *Id*. at 16. Plaintiff also posted some of his music to YouTube. *Id*. at 23. Plaintiff later changed his mind about presenting his music to Carter and decided to use his beats himself. *Id*. at 16. In January 2021, Plaintiff publicly disavowed any intention of working with certain artists. *Id*. at 15. Except for Janet Jackson, Plaintiff never gave anyone consent to "use, obtain, distribute, alter, copy, change, or delete any of [his] works without [his] permission." *Id*. at 15–16.

After Plaintiff decided not to give his music to Carter, major artists began "infringing on [his] music." *Id*. at 23. Plaintiff's amended complaint names multiple artists whose songs

---

[2] The Court shall refer to the amended complaint using the page numbers generated by ECF.

allegedly infringed on his songs and beats, including Wilson, Robert Williams, and Jeffery Williams, *id*. at 24.  All of these artists were somehow associated with Carter.  *Id*.  Plaintiff lists over twenty songs and at least three entire albums that infringed on songs he created.  *Id*.  Although Plaintiff states that he sent some number of his allegedly infringed-upon beats and music to Knowles-Carter and Smith, *id*. at 16–17, he claims that some of this music could have been obtained only through "cyber hacking," *id*. at 24–25, 27.  Plaintiff also asserts that various artists showed their connection to Defendants and their intention to insult him and infringe on his copyrights through hidden signals in their public presentations and performances.  *See id*. at 17–18, 26–30.  And, he suggests that Carter decided to infringe on Plaintiff's intellectual property as retribution for Plaintiff's statements questioning the paternity of Knowles-Carter's children, *id*. at 18, and that Robert Williams hacked Plaintiff's personal devices and stole his music as an attempt to thwart Plaintiff's efforts to stop sex trafficking, *id*. at 25.

## ANALYSIS

I.   Plaintiff's Claims Are Frivolous

Courts have the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if they determine that the action is frivolous.  *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  And, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).   This category of facts has also been described as "fanciful," "fantastic," or "delusional."  *Id*. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 328).

3

Here, the Court finds that Plaintiff's amended complaint should be dismissed because its allegations are wholly incredible. *Denton*, 504 U.S. at 33. Plaintiff's assertion that Carter took whatever beats Plaintiff sent to Knowles-Carter, Smith, and other artists, and created an entire catalogue of music for over fifteen well-known musical artists in order to harm Plaintiff is fanciful, as is his suggestion that Carter and other Defendants scoured the internet for public postings of Plaintiff's music or hacked into his personal electronic devices to obtain more of his intellectual property and thwart his alleged efforts to prevent sex trafficking. The wholly incredible nature of these allegations is supported by Plaintiff's assertion that Defendants, and other artists in the entertainment industry, have been signaling their concerted effort to abuse him through various symbols in their public performances and changes to their appearances.

Accordingly, Plaintiff's claims are DISMISSED as frivolous.

II.   Plaintiff Fails to State a Claim

Moreover, even if the Court did not find that Plaintiff's claims were frivolous, the Court would still dismiss his claims for failure to state a claim. Courts "ha[ve] the power to dismiss a complaint *sua sponte* for failure to state a claim, . . . so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (quotation marks and citations omitted). In determining whether to dismiss a complaint for failure to state a claim, courts must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in Plaintiff's favor. *Osipova v. J&J Holding Co.*, No. 06 Civ. 3468, 2007 WL 2220479, at *1 (S.D.N.Y. Aug. 1, 2007). When reviewing *pro se* complaints, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

4

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quotation marks and citations omitted) (emphasis in original).

To state a copyright infringement claim under 17 U.S.C. § 501, a plaintiff must allege facts suggesting the "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *see also Matthew Bender & Co. v. W. Pub. Co.,* 158 F.3d 674, 679 (2d Cir. 1998). As to the first element, § 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."[3] 17 U.S.C. § 411(a). Thus, unless certain exceptions apply, copyright registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010); *see also Newton v. Penguin/Berkley Publ'g USA*, No. 13 Civ. 1283, 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014).

As to the second element, a plaintiff must show that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 653 (S.D.N.Y. 2011) (citation omitted). "[C]opying may be established circumstantially by demonstrating that the person who composed the defendant's work had access to the copyrighted material . . . and that there are similarities between the two

---

[3] Although registration with the United States Copyright Office is not required to obtain copyright protection, *see* 17 U.S.C. § 408(a) ("registration is not a condition of copyright protection"), registration *is* a precondition for bringing an infringement action in federal court, *see id.* § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (holding that the Copyright Act's registration requirement is a precondition to filing a copyright infringement claim rather than a restriction on the federal court's subject-matter jurisdiction).

works that are probative of copying." *Id.* (quotation marks and citation omitted).  To establish

substantial similarity, "the plaintiff must demonstrate that the similarity concerns protected

elements of the work at issue." *Id.* at 653–54.

Here, Plaintiff's claims fail because Plaintiff's allegations, accepted as true, do not state a

claim for copyright infringement.  Plaintiff has attached a notice of copyright registration to his

amended complaint, but the notice pertains to songs that are not mentioned in his allegations of

infringement.  *See* Amend. Compl. at 9–10, 24.  And, although Plaintiff provided a supplemental

filing with notices of applications for copyright registration for some of the songs that are

included in his amended complaint, *see* Attachments, he has not alleged that he obtained those

registrations, nor that he followed the procedures specified for situations in which registration is

refused, *see* 17 U.S.C. § 411(a).  Thus, Plaintiff's claims are properly dismissed for a failure to

show ownership of a valid copyright.

Moreover, even if the Court accepts the notices provided as sufficient to show a valid

copyright registration, Plaintiff's claims fail because he has not shown that Defendants copied

elements of his work that are original.  Although Plaintiff asserts numerous times that

Defendants "infringed" on his intellectual property, *see*, *e.g.*, Amend. Compl. at 24, such

statements are conclusions of law that the Court does not accept as true*, see Faber v. Metro. Life

Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  The complaint does not demonstrate how his

registered songs are similar to the songs allegedly associated with Defendants, nor that

Defendants copied elements of his work that are original.

Accordingly, Plaintiff's claims for copyright infringement are also DISMISSED for

failure to state a claim.

III.    <u>Leave to Replead</u>

In general, a court should grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42–43 (2d Cir. 1988); *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011).  Because Plaintiff's claims are wholly incredible and fanciful, the Court finds that further amendment would be futile.  *See Bayne v. Health Ins. Portability & Accountability Act*, No. 11 Civ. 321, 2012 WL 119617, at *8 (E.D.N.Y. Jan. 17, 2012); *Bloom v. U.S. Gov't,* No. 02 Civ. 2352, 2003 WL 22327163, at *8 (S.D.N.Y. Oct. 10, 2003).  Moreover, because the Court granted Plaintiff leave to replead his copyright claims after the dismissal of his original complaint, Plaintiff was provided with notice of the deficiencies of his amended complaint and received an opportunity to correct those deficiencies.  *Wachtler*, 35 F.3d at 82; *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).  He failed to do so.

Accordingly, the Court dismisses Plaintiff's claims with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are DISMISSED with prejudice.  The Clerk of Court is directed to close the case.  The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket

SO ORDERED.

Dated: January 25, 2022
New York, New York

ANALISA TORRES
United States District Judge

7